UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROBERT P. BASTON,

    Plaintiff,

    v.                                    CAUSE NO.: 3:18-CV-791-JD-MGG

ROBERT E. CARTER, JR., et al.,

    Defendants.

OPINION AND ORDER

    Robert P. Baston, a prisoner without a lawyer, filed a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

    In the complaint, Baston alleges that he has been diagnosed with hepatitis C and has requested medication that would cure the disease. However, physicians have informed him that, even if they recommended this medication, Wexford Medical Sources and Corizon would deny the requests because the Indiana Department of

Correction cannot afford to purchase medication for all inmates with hepatitis C. For his claims, he seeks money damages and injunctive relief.

Baston asserts an Eighth Amendment claim of deliberate indifference to serious medical needs against Robert E. Carter, Wexford Medical Services, and Corizon for the policy or practice of refusing to provide medication that would cure hepatitis C to afflicted inmates. Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Neither corporate entities nor individuals "[may] be held liable under § 1983 on a *respondeat superior* theory." *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005). Rather corporate liability exists only "when execution of a [corporation's] policy or custom . . . inflicts the injury." *Id.* A corporation can be held liable for "an express policy that, when enforced, causes a constitutional deprivation." *Id.* Absent an unconstitutional policy, corporate liability may be established with a showing of "a widespread practice that, although not authorized by written law or express [corporate] policy, is so permanent and well settled as to constitute a custom or usage with the force of law." *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995). The policy or custom must be the "moving force behind the deprivation of his constitutional rights." *Johnson v. Cook Cty.*, 526 F. App'x 692, 695 (7th Cir. 2013). "[Section] 1983 lawsuits against individuals require personal involvement in the alleged constitutional deprivation to support a

2

viable claim." *Palmer v. Marion Cty.*, 327 F.3d 588, 594 (7th Cir. 2003). Because Baston does not explain how Robert E. Carter, Jr., was personally involved with his claims, Baston cannot proceed on a claim of money damages against him. However, Baston states a plausible Eighth Amendment claim against Wexford Medical Services, and Corizon.

Baston also seeks injunctive relief in connection with his medical treatment. For prisoner cases, the court has limited authority to order injunctive relief. *Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012). Specifically, "the remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right." *Id.* Therefore, injunctive relief, if granted will be limited to requiring the defendants to provide medical treatment as required by the Eighth Amendment. Carter as the Commissioner of the Indiana Department of Correction has both the authority and the responsibility to ensure that Baston receives the medical treatment to which he is entitled under the Eighth Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Therefore, Baston may proceed on an injunctive relief claim against Commissioner Carter in his official capacity.

For these reasons, the court:

(1) GRANTS Robert P. Baston leave to proceed on an Eighth Amendment claim against Wexford Medical Services and Corizon for the policy or practice of refusing to provide medication that would cure hepatitis C to afflicted inmates;

(2) GRANTS Robert P. Baston leave to proceed on an injunctive relief claim against Robert E. Carter, Jr., in his official capacity to obtain medical treatment for hepatitis C as required by the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Robert E. Carter, Jr., Wexford Medical Services, and Corizon at the Indiana Department of Correction with a copy of this order and the complaint (ECF 10) as required by 28 U.S.C. § 1915(d); and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Robert E. Carter, Jr., Wexford Medical Services, and Corizon to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Robert P. Baston has been granted leave to proceed in this screening order.

SO ORDERED on April 8, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT