UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROBERT P. BASTON,

    Plaintiff,

    v.     CAUSE NO.: 3:18-CV-791-JD-MGG

ROBERT E. CARTER, JR., et al.,

    Defendants.

## OPINION AND ORDER

Robert P. Baston, a prisoner without a lawyer, filed an emergency motion for a federal investigation and protective custody. He proceeds on Eighth Amendment claims of deliberate indifference to serious medical needs in connection with his hepatitis C condition. ECF 15. In the instant motion, he alleges that he has been abused and mistreated by correctional officers. He asks for protective custody and a federal investigation into the use of force incidents, murders, suicides, and drug overdoses that have occurred at correctional facilities throughout the State of Indiana. He also alleges that correctional staff at the New Castle Correctional Facility have confiscated his legal books and refuse to provide him with materials for legal work.

The court construes the instant motion as requesting a preliminary injunction. "The purpose of preliminary injunctive relief is to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Platinum Home Mortg. Corp. v. Platinum Fin. Group, Inc.*, 149 F.3d 722, 726 (7th Cir.1998). "In order to obtain a preliminary injunction, the moving party must show that: (1) they are reasonably likely to succeed

on the merits; (2) no adequate remedy at law exists; (3) they will suffer irreparable harm which, absent injunctive relief, outweighs the irreparable harm the respondent will suffer if the injunction is granted; and (4) the injunction will not harm the public interest." *Joelner v. Village of Washington Park, Illinois*, 378 F.3d 613, 619 (7th Cir. 2004).

As an initial matter, the allegations in the motion are simply too vague to suggest that Baston is likely to succeed on the merits of any claim or that he will suffer irreparable harm without injunctive relief. Except for the allegations regarding legal materials, he does not describe how he has been abused or mistreated, and it is unclear how limited access to legal materials, by itself, could cause irreparable harm. Additionally, even if Baston had provided sufficient detail, the court could not grant the instant motion because it raises materially different concerns than those raised in the complaint. *See Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir.1997) ("A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit."); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) ("Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."). Therefore, this motion is denied.

Nevertheless, if Baston believes he is entitled to judicial relief based on the conduct of correctional staff at the New Castle Correctional Facility, he should seek such relief from the United States District Court for the Southern District of Indiana. *See* 28 U.S.C. § 1391(b)(2) ("A civil action may be brought in a judicial district in which a

substantial part of the events or omissions giving rise to the claim occurred"). Further, if Baston believes that limited access to legal materials will affect his ability to satisfy deadlines in this case, he need only file a timely motion to extend that deadline.

For these reasons, the court DENIES the motion for a preliminary injunction (ECF 51).

SO ORDERED on October 24, 2019

/s/ JON E. DEGUILIO<br>JUDGE<br>UNITED STATES DISTRICT COURT