UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROBERT P. BASTON,

        Plaintiff,

        v.                        CAUSE NO. 3:18-CV-791-JD-MGG

ROBERT E. CARTER JR., et al.,

        Defendants.

## OPINION AND ORDER

Plaintiff Robert P. Baston is a prisoner in the custody of the Indiana Department of Correction. He filed a complaint alleging, among other things, that he wasn't provided adequate medical care for his hepatitis C infection ("HCV"). The Court screened the complaint and allowed him to proceed on that claim.

Before the Court are Mr. Baston's two motions for a preliminary injunction: he is asking the Court to order the defendants "to provide and administer the newest and latest medication to treat and cure the Hepatitis C virus . . ." (ECF 53 at 1) and to draw his blood for laboratory screening in sanitary surroundings (ECF 54).[1] The purpose of preliminary injunctive relief is to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Platinum Home Mortg. Corp. v. Platinum Fin. Group, Inc.*, 149 F.3d 722, 726 (7th Cir. 1998). "In order to obtain a preliminary injunction, the moving party must show that: (1) they are reasonably likely to succeed on the merits;

---

[1] As to the second motion, it raises numerous other issues but the Court has previously ruled them out as unrelated. (*See* ECF 55.)

(2) no adequate remedy at law exists; (3) they will suffer irreparable harm which, absent injunctive relief, outweighs the irreparable harm the respondent will suffer if the injunction is granted; and (4) the injunction will not harm the public interest." *Joelner v. Village of Washington Park, Illinois*, 378 F.3d 613, 619 (7th Cir. 2004).

Both of Mr. Baston's motions must be denied. First, Mr. Baston is a class member of a class action lawsuit in the Southern District of Indiana, in *Stafford v. Carter*, 17-CV-289, and his motion for injunctive relief is precluded by the doctrine of res judicata. "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Barr v. Bd. of Trustees of W. Illinois Univ.*, 796 F.3d 837, 839 (7th Cir. 2015) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)).  The *Stafford* class action covers "all current and future prisoners in IDOC custody who have been diagnosed, or will be diagnosed, with chronic HCV, and for whom treatment with DAA medication is not medically contraindicated."[2] *Stafford v. Carter*, No. 117-CV-289, 2018 WL 4361639, at *11 (S.D. Ind. Sept. 13, 2018)." Wexford of Indiana and the plaintiffs' class settled the case before the conclusion of discovery. Subsequently, Attorney General Robert E. Carter also settled the case. Both settlements were approved by Chief Judge Jane Magnus-Stinson. The agreement between the Attorney General and the plaintiffs' class sets out the requirements for treating all offenders with HCV. Further, the Southern District of Indiana has retained jurisdiction over *Stafford* to enforce the settlement agreement or to

---

[2] DAA stands for direct-acting antiviral, which is what Mr. Baston is hoping to be prescribed.

reopen the case for a resolution on the merits. Consequently, if Mr. Baston takes issue with the settlement agreement or if departmental officials are not complying with it, he may challenge with that court. Because Mr. Baston cannot succeed on the merits of his claims for injunctive relief in this case, the court denies the request for a preliminary injunction.

As for the second item in his request for injunctive relief, Mr. Baston is asking that the medical staff draw his blood only in the infirmary ward or in a hospital-like setting. He is currently in the lock-up, and he believes that its environment is not suitable for drawing blood. But Mr. Baston hasn't shown that he has ever suffered an infection as a result of blood draws in the lock-up or that there's a real danger of infection. In other words, Mr. Baston hasn't shown he is at risk of suffering an irreparable harm. *See Joelner v. Village of Washington Park, Illinois*, 378 F.3d 613, 619 (7th Cir. 2004) (one element of showing entitlement to injunctive relief is establishing real danger of irreparable harm).

For these reasons, the court DENIES Mr. Baston's motions for injunctive relief (ECF 53 & 54).

SO ORDERED on July 22, 2020

/s/ JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT