UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROBERT P. BASTON,<br><br>Plaintiff,<br><br>v.<br><br>INDIANA STATE OF, et al.,<br><br>Defendants. | CAUSE NO. 3:18-CV-791-JD-MGG |

OPINION AND ORDER

Robert P. Baston is a prisoner proceeding under the Eighth Amendment for compensatory damages against Defendants Wexford Medical Services and Corizon LLC for their alleged policies of refusing medication to Mr. Baston to cure his hepatitis C virus ("HCV") infection. He's also seeking injunctive relief against the Indiana Attorney General to get curative treatment for his HCV infection.

All parties have moved for summary judgment, but Mr. Baston hasn't responded to the merits of the Defendants' motions. Instead, he insists that additional discovery is needed, namely additional blood tests, to determine if he has been spontaneously cured of the HCV infection as Defendants claim. But as the Attorney General and Corizon point out, and as Wexford should recognize, the Defendants' motions for summary judgment don't depend on the question of cure. For example, the suggested cure came long after Corizon stopped being the healthcare provider for the inmates in the custody of the Indiana Department of Correction. In turn, the Attorney General argues, that whether he is cured or not, Mr. Baston's quest for injunctive relief is precluded by a

class action settlement in *Stafford v. Carter*, No. 117-CV-289, 2018 WL 4361639, at *11 (S.D. Ind. Sept. 13, 2018), to which he is a member.

As for Wexford, even if Mr. Baston has been spontaneously cured of HCV, he can still try showing that Wexford maintained a policy that resulted in his prolonged suffering and that, but for this policy, he could have been cured sooner.[1] Moreover, although Mr. Baston is arguing that he hasn't been cured, he's not disputing the latest test results, which show no detectible levels to indicate an HCV infection. In other words, whether Mr. Baston has been fully cured or not, Wexford remains free to argue—as it has done already—that Mr. Baston was doing much better than many other inmates infected with HCV.

For all these reasons, the Court will not delay the summary judgment proceeding for Mr. Baston to get additional blood tests. At the same time, assuming this case gets past summary judgment, if at any point before trial Mr. Baston wants to file his latest blood test results, he may do so, as they may be relevant in calculating damages. Moreover, since he hasn't responded to the merits of the Defendants' motions, in the interest of justice, the Court will give Mr. Baston additional time to do so.

As for Mr. Baston's own motion for summary judgment, it will be denied because it has no supporting facts for his claims. Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to

---

[1] Consider a prison healthcare provider who ignores an obvious and serious skin infection of a prisoner. If the provider's refusal to prescribe an antibiotic could be shown to have allowed great pain to persist, the provider could not necessarily hide behind an eventual cure of the infection, even if it took weeks or months to resolve on its own.

2

judgment as a matter of law." Fed. R. Civ. P. 56(a). The inverse is also true warranting a denial of a motion for summary judgment. A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003).

In his four-page memorandum in support of his motion for summary judgment, Mr. Baston presents no evidence from which the Court could definitively conclude that the Defendants violated his Eighth Amendment rights. At most, Mr. Baston tells the Court what evidence he "can produce" as if allegations alone were sufficient for granting summary judgment. Mr. Baston does not cite to any specific materials in support of his allegations, and the Court is not obligated to accept his promise to produce certain evidence at face value. *See Welch-Rubin v. Sandals Corp.*, 3:03CV481, 2004 WL 2472280, at *1 (D. Conn. Oct. 20, 2004) ("Plaintiffs are required to present admissible evidence in support of their allegations; allegations alone, without evidence to back them up, are not sufficient."). It is said often—because it's true—that summary judgment is "not a dress rehearsal or practice run; it is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince the trier of fact to accept its version of events." *Hammel v. Eau Galle Cheese* Factory, 407 F.3d 852, 859

3

(7th Cir. 2005). To prevail at this stage, it's not enough for Mr. Baston to say he has evidence supporting his claims; rather, he must actually submit such evidence.[2]

For these reasons, the Court:

(1) DENIES Mr. Baston's motion for summary judgment (ECF 102);

(2) DENIES his motion to postpone summary judgment proceedings (ECF 95);

(3) GRANTS him until **November 16, 2020**, to respond to the merits of the Defendants' motions for summary judgment; and

(4) GRANTS the Defendants until **November 30, 2020**, to file their replies, if they so wish.

SO ORDERED on October 19, 2020

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[2] Because the Court is granting Mr. Baston additional time to respond to the Defendants' motions for summary judgment, he will be able to present the evidence he claims he has in opposing their motions.